IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.C., a minor, by and through his mother, FELICIA CHEATHAM, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES INC., <br><br> Defendant. | Case No. 18-cv-4230 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion [8] to remand this case to state court. For the reasons stated below, Plaintiff's motion [8] is respectfully denied. This case is set for further status on September 13, 2018 at 9:00 a.m.

**I.     Background**

On June 15, 2018, Plaintiff D.C., by and through his mother Felicia Cheatham ("Plaintiff"), filed a Complaint against Defendant Abbott Laboratories, Inc. ("Defendant") in the Circuit Court of Cook County, Illinois. [See 1, Ex. 1(A).]  In this complaint, Plaintiff brings claims against Defendant for strict products liability, negligence, gross negligence, breach of implied warranty, breach of express warranty, misrepresentation by omission, fraud and misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Plaintiff specifically alleges that he suffers from various birth defects caused by his mother's ingestion of Defendant's product Depakote during pregnancy.  According to Plaintiff, Depakote is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use.

On the same day that Plaintiff filed the complaint in state court, a summons was issued to Defendant. [See 1, Ex. 1(B).] However, on June 18, 2018, before being served with the complaint, Defendant removed the action to federal court on the basis of diversity jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. [See 1.]

Plaintiff quickly moved to remand this case to state court, and requests expedited consideration of this motion. [See 8.] Plaintiff argues that this case must be remanded based on the "forum defendant rule," which provides that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Defendant is an Illinois citizen, and thus an in-forum defendant, Plaintiff argues that this rule prevents Defendant's removal of this case to federal court. Defendant argues that this rule is inapplicable based on the plain language of the statute; the statute only prohibits a properly joined *and served* forum defendant from removing a case, and Defendant was not served with the complaint prior to removal. [14, at 3–4.]

## II.     Legal Standard

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). The party invoking federal jurisdiction has the burden of establishing that it exists. See *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate "reasonable probability" that subject-matter jurisdiction exists). In evaluating whether to remand a case, a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe*

*v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction.").

**III.     Analysis**

Defendant has removed this case on the basis of the diversity jurisdiction statute. [See 1.] It is uncontested that the statutory requirements for such jurisdiction are met here. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff and his mother are citizens of Louisiana, and Defendant is a citizen of both Delaware and Illinois. [1, ¶¶ 11–12; 1, Ex. 1(A), ¶¶ 1–2.] Plaintiff does not challenge that the $75,000 jurisdictional minimum requirement is easily met in this case. [1, ¶¶ 18–22.]

Plaintiff instead moves to remand the case based on the forum defendant rule because Defendant is an Illinois citizen. The forum defendant rule bars removal based on diversity jurisdiction under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The parties' dispute turns on the "properly joined and served" language in the statute. Plaintiff argues that, although Defendant was not properly served before removing the case, this statute should not be read in a hyper-technical way that would be contrary to Congressional intent behind the forum defendant rule. Plaintiff challenges Defendant's conduct—monitoring the public docket and immediately removing the action once it was filed and before Plaintiff could possibly have served the only defendant with the Complaint—as an improper and strategic "snap removal" that seeks

3

to evade the forum defendant rule through gamesmanship and essentially nullifies Congressional intent behind the rule. [8-1, at 2–3.] According to Defendant, however, the plain language of the forum defendant rule only prevents properly joined *and* served forum defendants from removing a state court case to federal court. Because Defendant was not yet served with the Complaint when it filed its notice of removal, Defendant argues that Plaintiff's motion to remand should be denied. [14, at 2.]

There is no Seventh Circuit precedent on the question of how to interpret the forum defendant rule, as "failure to comply with the forum defendant rule is, indeed, a defect in the removal that bars [appellate] review." *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007). District courts within the Seventh Circuit and around the country faced with this question have disagreed on the correct interpretation of the statute. See *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 934 (N.D. Ill. 2017) ("District courts are divided on whether the forum defendant rule bars pre-service removal to federal court based on diversity jurisdiction."); *Estep v. Pharmacia & Upjohn Co., Inc.* (*In re Testosterone Replacement Therapy Prods. Liab. Litig.*), 67 F. Supp. 3d 952, 958 (N.D. Ill. 2014) (noting that "there is a split in authority on the issue"). Some courts have looked to the forum defendant rule's underlying purpose and granted motions to remand involving unserved in-forum defendants in order to give effect to this purpose; others have instead applied the plain language of the statute, which prevents removal only if the forum defendant is both properly joined *and* served, and thus denied remand motions in cases involving unserved forum state defendants. The Court considers both interpretations of the statute below.

    A.    "Purpose" Interpretation

The "purpose" interpretation of the forum defendant rule focuses on the purpose for which the rule was enacted, specifically "to preserve the plaintiff's choice of a (state) forum, under

4

circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). According to this reasoning, allowing a forum defendant to circumvent this rule and remove a case before service in a "snap removal" fashion "would frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007).

Plaintiff's remand motion relies primarily on Judge Kennelly's decision adopting this purpose interpretation in *Estep v. Pharmacia & Upjohn Co., Inc. (In re Testosterone Replacement Therapy Products Liability Litigation)*, 67 F. Supp. 3d 952 (N.D. Ill. 2014). In *Estep* (which also involves the same Defendant as this case), the forum defendant removed the case to federal court on the same day that it was filed. Judge Kennelly considered the different approaches district courts have taken in interpreting the forum defendant rule and concluded that cases looking beyond § 1441(b)(2)'s language to its purpose were more persuasive "because they seek to fulfill the principle animating the plain language rule and are therefore faithful to Congressional intent." *Id.* at 960. Specifically, "[a]pplying section 1441(b) in the manner that [defendant] urges would result in the elimination of the forum-defendant rule in Illinois, at least for a vigilant defendant" because Illinois law requires the county sheriff to serve summons. *Id.* at 961. Because Congress "could not have foreseen or intended this outcome," Judge Kennelly granted the plaintiff's motion to remand. *Id.* at 962.

Other district courts similarly have granted motions to remand in "snap removal" situations based on the purpose of § 1441(b)'s forum defendant rule. See, *e.g.*, *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (granting remand motion and concluding that "snap removal thwarts the purpose of the forum defendant rule"); *Lone Mountain*

5

*Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp. 2d 1263, 1267 (D.N.M. 2013) ("The Court does not believe that Congress intended the Forum Defendant Rule to reward those defendants who win the 'race to remove' before plaintiff has a chance to serve properly joined forum defendants."); *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal by means of monitoring the electronic docket smacks [] of forum shopping by a defendant."); *Mohammed v. Watson Pharm. Inc.*, 2009 WL 857517, at *3 (C.D. Cal. Mar. 26, 2009) (departing from literal interpretation of § 1441(b) because of "gamesmanship" concerns); *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 863 (N.D. Ohio 2008); *Vivas*, 486 F. Supp. 2d at 734 (a literal interpretation of the "joined and served" requirement would "allow a resident defendant to remove a case before a plaintiff even has a chance to serve him [and] would provide a vehicle for defendants to manipulate the operation of the removal statutes"); *Fields v. Organon USA Inc.*, 2007 WL 4365312, at *4 (D.N.J. Dec. 12, 2007) (where forum defendant is removing party, removal "frustrates the policy underlying the forum defendant rule"); *Holmstrom v. Harad*, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005) ("Simply put, the policy of the 'joined and served' requirement is not implicated in this situation."); see also *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013) (declining to enforce plain meaning of forum defendant rule "because doing so produces a result that is at clear odds with congressional intent"); *Laugelle v. Bell Helicopter Textron, Inc.*, 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012).

Plaintiff relies on *Estep* and notes that Defendant has reason to monitor the docket in state court because of other Depakote-related actions that are pending there. [See 8-1, at 4, 6.] Plaintiff argues that Defendant's monitoring of the public docket, followed by its immediate removal of this action before Plaintiff could possibly serve it with process, frustrates the overall purpose of

the statutory scheme of § 1441(b)(2), leads to absurd results, and contravenes clearly expressed legislative intent.

      **B.**      **"Plain Meaning" Interpretation**

In contrast to the "purpose" interpretation of § 1441(b)(2), the majority of courts instead look to the plain meaning of the statute and conclude that removal before service on an in-forum defendant is permissible based on the "properly joined and served" language. See *Goodwin v. Reynolds*, 2012 WL 4732215, at *3 (N.D. Ala. Sept. 28, 2012) (noting that the "majority" of courts follow the plain language of the statute); see also *Estep*, 67 F. Supp. 3d at 958 (acknowledging that a majority of courts have applied "the plain language of the statute to allow removal when none of the forum defendants have been served").

This is the approach taken by Judge St. Eve in a recent case from this district cited by Defendant. See *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928 (N.D. Ill. 2017). In *Graff*, a non-forum defendant filed a notice of removal before the in-forum defendant in the case had been served. After considering the split in district courts regarding the proper interpretation of the forum defendant rule, Judge St. Eve adopted the reasoning of the plain meaning approach to interpretation of the statute and held that, because the in-forum defendant was not properly served at the time of removal, the case was removable. *Id.* at 937; see also *Selective Ins. Co. of S. Carolina v. Target Corp.*, 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013); *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) ("[T]he plain language of the statute must prevail over the plaintiff's policy arguments to the contrary."); *Holmes v. Lafayette*, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013) ("The plain language of the statute provides that the forum defendant be 'properly joined and served' to prevent removal."); *Goodwin*, 2012 WL 4732215, at *6; *Robertson v. Iuliano*, 2011 WL 453618, at *3 (D. Md. Feb. 4, 2011);

*Chace v. Bryant*, 2010 WL 4496800, at *2 (E.D.N.C. Nov. 1, 2010); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) (where action removed before forum defendant served, motion to remand was denied); *Maple Leaf Bakery v. Raychem Corp.*, 1999 WL 1101326, at *2 (N.D. Ill. Nov. 29, 1999) (where nonresident defendants were not served at time of removal, their status cannot defeat removal under the plain language of § 1441(b)).

Judge St. Eve acknowledged that the situation in *Graff* was not a "snap removal" situation, as the non-forum defendant had filed the notice of removal in a case involving both forum and non-forum defendants and, therefore, there were no associated gamesmanship concerns to address. See *Graff*, 299 F. Supp. 3d at 937 n.7 ("This was not the docket-monitoring, jack rabbit or snap removal that other courts have found to violate the spirit of the law."). But other courts have also followed the plain language of the statute and denied remand motions in snap removal cases, some in factual situations almost indistinguishable from this one. See, *e.g.*, *Young v. Bristol-Myers Squibb Co.*, 2017 WL 2774735, at *2 (D. Del. June 27, 2017) (denying motion to remand in case where in-forum defendants removed case before any defendants were served, or could have been served, with process); *Hwang v. Gladden*, 2016 WL 9334726, at *7 (M.D. Ala. Dec. 21, 2016) (denying motion to remand and agreeing that "a forum defendant can likewise remove a case to federal court, so long as that forum defendant has not yet been served"); *United Steel Supply, LLC v. Buller*, 2013 WL 3790913, at *4 (W.D. Ky. July 19, 2013) (denying remand motion in case involving only one, in-forum defendant that had not yet been served, because "[t]he plain language of § 1441(b) [] requires proper service for application of the forum defendant rule"); *Munchel v. Wyeth LLC*, 2012 WL 4050072, at *3–4 (D. Del. Sept. 11, 2012) (denying motion to remand where forum defendant removed case prior to service of complaint on any defendant); *Terry v. J.D. Streett*

*& Co.*, 2010 WL 3829201, at *2 (E.D. Mo. Sept. 23, 2010) (denying motion to remand in situation where the only defendant was a forum state defendant, and removal happened before that defendant was served with process: "defendant had not been served before it removed the case to this Court, and the forum defendant rule therefore fails to aid plaintiffs"); *Jaeger v. Schering Corp.*, 2007 WL 3170125, at *2 (D.N.J. Oct. 25, 2007) (denying motion to remand in case removed by in-forum, but unserved, defendants); *Yocham v. Novartis Pharm. Corp.*, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) (denying motion to remand in case removed by in-forum defendant before being served with process); *Massey v. Cassens & Sons, Inc.*, 2006 WL 381943, at *2 (S.D. Ill. Feb. 16, 2006) (where non-forum defendant filed notice of removal before any defendants, including in-forum defendants, were served, under the statute's "plain language" the forum defendant rule "does not apply"); *Frick v. Novartis Pharm. Corp.*, 2006 WL 454360, at *2 (D.N.J. Feb. 23, 2006) (denying remand motion in case removed by in-forum defendant and rejecting policy argument for opposite result: "[t]hat argument, plausible as it may be, does not adhere to the literal language of the statute").

Faced with these competing lines of authority, the Court concludes that the statutory text must control. "Courts 'must give effect to the clear meaning of statutes as written.'" *Graff*, 299 F. Supp. 3d at 935 (quoting *Star Athletica, L.L.C. v. Varisty Brands, Inc.*, -- U.S. --, 137 S. Ct. 1002, 1010 (2017)). Thus, where possible, we "begin and end our inquiry with the text, giving each word its 'ordinary, contemporary, common meaning.'" *Id.* (quoting *Star Athletica*, 137 S. Ct. at 1010); see also *Jefferson v. United States*, 546 F.3d 477, 483 (7th Cir. 2008) (internal quotation marks omitted) ("When interpreting statutes, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent"). The language of § 1441(b) is clear and

9

unambiguous: a case otherwise removable on the basis of diversity jurisdiction cannot be removed from state court "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). Having learned of this action soon after it was filed, Defendant filed a notice of removal before it became a forum defendant that was both properly joined and properly served. Whether this circumstance is properly viewed as "gamesmanship" (as Plaintiff sees it) or "diligence" (from Defendant's perspective), the cases cited above show that it is sufficiently common to imagine that Congress will rewrite the statute if it feels that removal where an in-forum defendant has not yet been served constitutes an abuse of the judicial system.

**IV.　Conclusion**

For the foregoing reasons, Plaintiff's motion [8] is respectfully denied. This case is set for further status on September 13, 2018 at 9:00 a.m.

Date:  August 28, 2018

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge